IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| HAKIM BOND, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | NO. 08-4527 |
| | : | |
| v. | : | |
| | : | |
| VISIONQUEST, et al., | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM**

Jones, J.                                                                                                    August 7, 2009

**I.      Relevant Procedural History**

On September 17, 2008, *pro se* Plaintiff Hakim Bond commenced this action by filing a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion").  His proposed Complaint was attached.  When Plaintiff commenced this action, he was a citizen residing in the City of Philadelphia; he was not incarcerated.  On September 25, 2008, the Honorable William H. Yohn, Jr., who previously presided over this action, granted Plaintiff's IFP Motion and ordered the proposed Complaint to be filed.  The Complaint was filed on that date.

This matter was reassigned from Judge Yohn's docket to my docket on November 14, 2008.

On December 12, 2008, Plaintiff filed a Motion for Appointment of Counsel and Mental Health Advocate.  In that motion, Plaintiff stated that he was incarcerated.  On February 6, 2009, this Court granted in part Plaintiffs' Motion for Appointment of Counsel and Mental Health

Advocate and referred this action to this District's Prisoner Civil Rights Panel for the appointment of counsel.  Thereafter, the Prisoner Civil Rights Panel informed the Court that Plaintiff was no longer incarcerated.  Therefore, Plaintiff's case is not eligible for submission to the Prisoner Civil Rights Panel.

Several defendants have filed motions to dismiss Plaintiff's Complaint, contending that the Complaint contains numerous substantive and procedural deficiencies.  Today the Court addresses only two of those motions: 1) the Motion to Dismiss filed by the City of Philadelphia (Doc. No. 37), which contends that Plaintiff's claims are time-barred, and 2) the Motion to Dismiss filed by Visionquest (Doc. No. 33), which also contends, *inter alia*, that Plaintiff's claims are time-barred.  For the reasons that follow, the Court will grant those motions and dismiss Plaintiff's Complaint with prejudice as to all Defendants.

## II.     Discussion

In his Complaint, Plaintiff alleges that the various defendants violated his civil rights and committed torts against him while he was a minor in the custody of the juvenile justice system.  The applicable limitations period for all of Plaintiff's claims is two years.  42 Pa.C.S.A. § 5524.  Because Plaintiff was a minor at the time of the alleged wrongdoing, the statute of limitations began to run on his 18th birthday: September 14, 2006.  42 Pa.C.S.A. §5533(b)(1).  Therefore, Plaintiff was required to file his Complaint by September 14, 2008.

Pursuant to the Local Rules of this Court, Plaintiff properly commenced this action by filing an IFP Motion before filing a Complaint. Notably, however, Plaintiff did not commence this action until September 17, 2008.  He was not a prisoner at the time when he filed his Complaint, thus the "prisoner mailbox rule" does not apply.  Although Plaintiff dated his

proposed Complaint and his IFP Motion for September 12, 2008, it is clear that he did not file those documents until September 17, 2008.  Therefore, his claims are time-barred and will be dismissed.

      An appropriate Order follows.